KRISTIAN LAVIGNE, ESQ.
Nevada Bar No.11629
kris@myrebellawyer.com
JEFFREY LAVIGNE, ESQ.
Nevada Bar No. 13906
jeff@myrebellawyer.com
**THE LAW OFFICE OF KRISTIAN LAVIGNE AND ASSOCIATES, P.C.**
8064 W. Sahara Avenue
Las Vegas, NV 89117
Ph:702-732-3529
Fax:702-724-9073
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CASEY CAVIN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>AARGON AGENCY, INC.; DOES I through V, inclusive; and ROE CORPORATIONS I through V, inclusive,<br><br>Defendants | Case No.: 2:20-cv-02154<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  CASEY CAVIN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Defendant AARGON AGENCY, INC. ("Aargon" or "Defendant") regarding Defendant's attempts to unlawfully and abusively collect a debt. This conduct caused Plaintiff damages.

3.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.  While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5.  Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

6.  Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7.  Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

**JURISDICTION AND VENUE**

8.  This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 et seq.; 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

9.  This action arises out of Defendant's violations of: (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

10.  Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because at all times relevant, Plaintiff was a resident of Clark County, State of Nevada and Defendant is subject to personal jurisdiction in the County of Clark, State of Nevada as it conducts business there, and the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Defendant has a registered agent of service in Nevada.

**PARTIES**

11. Plaintiff is a natural person, who at the time of the incident giving rise to this action, resided in the County of Clark, State of Nevada, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is a debt collector, doing business in Nevada, with a principal place of business in Nevada. Plaintiff is informed and believes, and therefore alleges, that Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**GENERAL ALLEGATIONS**

13. At all times relevant, Plaintiff was an individual residing within the State of Nevada.

14. At all times relevant, Defendant conducted business in the State of Nevada.

15. The alleged debt arises from medical services rendered, which is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. This alleged debt is relates primarily to personal, family, or household purposes. Thus, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a (5).

16. Plaintiff incurred medical expenses from City of Henderson in the amount of $180.00 related to an ambulance ride to the hospital for injuries sustained in a motor vehicle collision (the "debt"). The ambulance services were provided on September 5, 2019. Sometime thereafter, Defendant allegedly obtained the right to collect the debt from City of Henderson. Plaintiff disputes Defendant's right to collect the debt.

**DEFENDANT VIOLATES THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §§ 1692-1692(P)) ("FDCPA")**

17. On approximately August 10, 2020, Defendant, by and through an employee, called Plaintiff in an attempt to collect the debt. The call was recorded by Defendant.

18. Defendant's call to Plaintiff was a communication as defined in 15 U.S.C. § 1692(2)(a).

19. 15 USC § 1692g provides that "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

20. It has been approximately four months since Defendant's initial communication with Plaintiff and Defendant still has not sent Plaintiff a written notice containing --(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. On or about November 2, 2020, Plaintiff's counsel requested, in writing, verification of Plaintiff's debt, including a written statement of the following: (1) the amount of

the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

22. Twenty one (21) days have elapsed since Plaintiff's counsel requested verification of Plaintiff's debt. However, as of the date of filing, Defendant still has not provided any of the required notices or information.

23. Defendant's failure to perform any of the actions required by 15 USC § 1692(g) was deceptive and misleading, in violation of the Fair Debt Collection Practices Act.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (15 U.S.C. §§ 1692-1692(P)) ("FDCPA")

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to violating of 15 U.S.C. § 1692(2)(a) and 15 U.S.C. § 1692(g).

26. As a result of Defendants breaches of the FDCPA, Plaintiff has suffered harm and incurred damages, as she was not given notice of the thirty (30) day period to dispute the debt and has had derogatory remarks placed on her credit.

27. As a result of each and every violation of the FDCPA, Plaintiff is entitled to damages of $1,000.00 pursuant to 15 U.S.C. § 1692(k)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692(k)(a)(3) from Defendant.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant on his First Cause of Action:

1. An award of statutory damages of $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants;

2. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants; and

3. Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 23rd day of November, 2020.

Respectfully submitted by:

/s/ Jeffrey Lavigne

KRISTIAN LAVIGNE, ESQ.
Nevada Bar No.11629
kris@myrebellawyer.com
JEFFREY LAVIGNE, ESQ.
Nevada Bar No. 13906
jeff@myrebellawyer.com
**THE LAW OFFICE OF KRISTIAN LAVIGNE AND ASSOCIATES, P.C.**
8064 W. Sahara Avenue, Suite 102
Las Vegas, NV 89117
Ph:702-732-3529
Fax:702-724-9073
*Attorneys for Plaintiff*